# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987) |
| V. | **Case Number:**   0758 3:18CR00113-001 |
| David Ohmar Harris | **Defendant's Attorney:**   Joseph Bugni |

The defendant, David Ohmar Harris, pleaded guilty to Count 1 of the indictment.

Counts 2 through 4 of the indictment are dismissed on the motion of the United States.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated the defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2251(a)<br>18 U.S.C. § 2251(e) | Production of Child Pornography, Class B felony | August 20, 2017 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.   If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | ▮ 1992 | January 10, 2020 |
| **Defendant's USM No.:** | 54976-048 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | ▮<br>Las Vegas, NV   89032 | */s/ William Conley* |
| **Defendant's Mailing Address:** | c/o Dane County Jail<br>115 West Doty Street<br>Madison, WI   53703 | William M. Conley<br>District Judge |
| | | January 10, 2020<br>Date Signed: |

## IMPRISONMENT

As to Count 1 of the indictment, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 15 years.

Given the defendant's visual and mental limitations, including being subject to seizures and fits of rage, as well as other neurological and physical limitations, I strongly endorse the following recommendations by Forensic Psychologist Nancy Elliot:

> Given Mr. Harris' physical impairments, diminutive stature, limited cognitive abilities, and deficits in interpersonal functioning, he presents as being at an increased risk of susceptibility to sexual and physical abuse, as well as manipulation by higher functioning inmates in any incarcerated setting. As such, should he be sentenced to a period of confinement, careful consideration in his unit assignment is highly recommended. More specifically, most correctional institutions have special management units specifically designed for lower functioning and otherwise vulnerable inmates, providing greater access to treatment opportunities and staff supervision. Such a unit is recommended for Mr. Harris.

In addition, given the defendant's psychosexual crime, mental health issues and past trauma, I also strongly recommend his placement be at a facility that offers mental health and sex offender treatment.

Finally, I recommend that the defendant be afforded prerelease placement in a residential reentry center with work release privileges.

While the defendant is in primary federal custody, he also has pending charges in Dane County, Wisconsin, Circuit Court Case No. 19CF2324. According to the U.S. Supreme Court's ruling in *Setser v. United States*, 132 S.Ct. 1463 (2012), I have the discretion to impose a sentence that will run concurrently with or consecutively to any other sentence. (USSG § 5G1.3, Background Commentary). I will stand silent as any potential state court sentence for the unrelated conduct, believing that the state court judge is in the best position to decide if incremental punishment is appropriate in light of the sentence I imposed today.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

## RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____  
United States Marshal

By _____  
Deputy Marshal

Case: 3:18-cr-00113-wmc   Document #: 43   Filed: 01/13/20   Page 3 of 7

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DAVID OHMAR HARRIS<br>CASE NUMBER: 0758 3:18CR00113-001 | Judgment - Page 3 |

## SUPERVISED RELEASE

The defendant's term of imprisonment is to be followed by a 25-year term of supervised release, subject to the statutory mandatory conditions of supervision.   In light of the nature of the offense and the defendant's personal history, I also adopt condition numbers **1 through 21** as proposed and justified in the presentence report, noting that neither party has raised any objections to those proposals.

If, when the defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

The instant offense is not drug related and the defendant has no history of drug use. Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is waived.

Defendant is to abide by the statutory mandatory conditions.

### Statutory Mandatory Conditions

Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. § 3583(d).

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this court.

### Standard Conditions of Supervision

1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions.   The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

Case: 3:18-cr-00113-wmc   Document #: 43   Filed: 01/13/20   Page 4 of 7

| | DEFENDANT: | DAVID OHMAR HARRIS | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | 0758 3:18CR00113-001 | Judgment - Page 4 |

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.  Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

11) Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame; and

12) Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

**Special Conditions of Release**

13) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns.

14) Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.

15) Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination.

16) Not possess any depictions of sexually explicit conduct of minors as defined in 18 U.S.C. § 2256(8).

17) As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions. If defendant is eligible for funding from

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DAVID OHMAR HARRIS<br>CASE NUMBER: 0758 3:18CR00113-001 | Judgment - Page 5 |

any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall allow reciprocal release of information between the supervising U.S. Probation Officer and the treatment provider.

18) Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. Probation Officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services.

19) Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. Probation Officer.

20) Comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C §20913, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense.

21) Have no contact with the victim in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. Probation Officer. Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____
Defendant                                            Date

_____     _____
U.S. Probation Officer                           Date

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DAVID OHMAR HARRIS<br>CASE NUMBER: 0758 3:18CR00113-001 | Judgment - Page 6 |

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | TBD |
| **Total** | $100.00 | $0.00 | TBD |

It is adjudged that the defendant is to pay a $100.00 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his family upon release from custody.

A final order of forfeiture is granted for the property seized from the defendant as reflected in the forfeiture order in accordance with 18 U.S.C. § 2253.

Based on the offense of conviction, the defendant is required to pay a $5,000.00 assessment under the Justice for Victims of Trafficking Act of 2015, unless indigent.   Unfortunately, the defendant is indigent, and this assessment is waived.

## RESTITUTION

Further the defendant is to pay mandatory restitution to the U.S. Clerk of Court for the Western District of Wisconsin, and pursuant to 18 U.S.C. § 3664(d)(5), a restitution hearing is scheduled for April 3, 2020, at 11:00 am, barring agreement by the parties and victims before that time.

| | | |
|---|---|---|
| | DEFENDANT:   DAVID OHMAR HARRIS | |
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER:   0758 3:18CR00113-001 | Judgment - Page 7 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

    (1) assessment;
    (2) restitution;
    (3) fine principal;
    (4) cost of prosecution;
    (5) interest;
    (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.